# DECLARATION OF WALTER BANKS

I, Walter Banks, under oath, states as follows:

1. I am over eighteen (18) years of age and am competent to give the following testimony based on my own personal knowledge.

2. I am employed by Baptist Memorial Hospital-DeSoto, Inc. as its Director of Human Resources. The hospital is located at 7601 Southcrest Parkway, Southaven, Mississippi 38671. Baptist Memorial Hospital–Desoto, Inc. is a Mississippi not-for-profit corporation which operates a full service hospital in DeSoto County, Mississippi. I am responsible for implementing and enforcing human resources policies at Baptist Memorial Hospital–Desoto, Inc.

3. On October 16, 2008, there were 1,590 hourly employees at Baptist Memorial Hospital-Desoto, Inc. Baptist Memorial Hospital-Desoto, Inc. has over 60 Departments and over 150 non-exempt job titles.

4. The decisions to terminate employment, provide pay increases or decreases, or to adjust other terms of employment are made by the management of Baptist Memorial Hospital-DeSoto, Inc.

5. Margaret White was an employee of Baptist Memorial Hospital–Desoto, Inc. from August 29, 2005 to August 1, 2007, when her employment was terminated pursuant to the attendance policy. She was hired by Baptist Memorial Hospital–Desoto, Inc. and her terms and conditions of employment were directly controlled by Baptist Memorial Hospital–Desoto, Inc. White was last employed by Baptist Memorial Hospital–Desoto, Inc. as an LPN in the Emergency Department.

6.  Baptist Memorial Hospital-DeSoto, Inc. has established policies and procedures to ensure that employees are paid for all hours worked. I have communicated these policies to all directors and managers throughout the hospital at leadership meetings and instructed them to communicate the policies and procedures to all employees.

7.  If an employee is subject to an automatic deduction for a meal period and the employee misses the meal period or has the meal period interrupted to perform work, I have instructed directors and managers to make every effort to reschedule a full thirty minute meal period at a later time during the employee's shift. If rescheduling the meal period during that shift is not possible, I have advised directors and managers to establish procedures for their departments to ensure that the employee is provided instructions on how to document a missed or interrupted meal period so that the employee can be paid for the correct time worked.

8.  While numerous departments use exception logs as a means of handling variances to badge swipes and employee time schedules, different Departments and areas handle time exceptions differently. Each Department is free to formulate the procedure that works best for its employees to govern how time exceptions are recorded in the specific Department.

9.  In every instance when a non-exempt employee leaves the Baptist Memorial Hospital – DeSoto campus during a shift, the employee is required to "clock out" using a badge swipe when they leave the campus and "clock in" using a badge swipe when they return to the campus. In such instances, the time for which the employee was clocked out is deducted from the employee's hours worked, and their

time records are adjusted such that the automatic deduction for a meal period does not apply. The instances of employees leaving the campus during shifts increased significantly beginning on November 15, 2007 when the Tobacco Free Policy became effective at Baptist Memorial Hospital – DeSoto. Pursuant to that policy no individuals, including employees, are permitted to smoke anywhere on the hospital campus. As a result of that policy, employees who desire to smoke during their meal break must leave the campus, and hourly employees who leave the campus must clock out as described above.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing declaration consisting of this and two other pages is true and correct.

_____
Walter Banks

Executed on this the 25th day of November, 2008.