IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| MARGARET WHITE, on Behalf of Herself and All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 08-2478 ) |
| BAPTIST MEMORIAL HEALTHCARE CORP., and BAPTIST MEMORIAL HOSPITAL—DESOTO, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

---

**ORDER DENYING PLAINTIFF'S MOTION FOR TAXATION OF COSTS AND AWARDING COSTS**

---

Plaintiff Margaret White ("White") brought this action claiming that Defendants Baptist Memorial Health Care Corporation and Baptist Memorial Hospital – DeSoto, Inc. (collectively, "Baptist") had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., by failing to compensate her and similarly situated hourly employees for all hours worked.  (See Compl. ¶¶ 3, 8, 19, 25-31, ECF No. 1) ("Compl.") On March 23, 2011, the Court rejected White's claims and granted Baptist's motion for summary judgment.  (See ECF No. 258) (the

"March 23 Order.") On May 17, 2011, judgment was entered. (See Judgment, ECF No. 267.)

On June 13, 2011, Baptist moved for a Bill of Costs under Rule 54(d) of the Federal Rules of Civil Procedure and requested $36,036.82 for: (1) the service of summons and subpoenas; (2) court reporter fees; (3) printing and copying costs; and (4) exemplification fees. (See ECF No. 269.) The Clerk of Court granted Baptist's Bill of Costs on December 22, 2011. (See ECF No. 276) (the "Bill of Costs.")

Before the Court is White's December 29, 2011 Motion for Taxation of Costs. (See ECF No. 277.) She seeks reversal of the Clerk of Court's entry of the December 22 Bill of Costs. White argues that: (1) the FLSA is a remedial statute that does not provide for taxing costs to plaintiffs; (2) Baptist is not a "prevailing party" entitled to costs; (3) the December 22 Bill of Costs includes amounts that were not necessary to resolve White's substantive rights; (4) the Bill of Costs includes items not covered under federal law; and (5) White will be impoverished by the Bill of Costs. For the following reasons, White's Motion is DENIED.

**I.  Background**

The Court discussed the factual background of this case in its March 23 Order.

2

On December 22, the Clerk of Court awarded $36,036.82 to Baptist. The Clerk concluded that Baptist was entitled to costs because, "when it comes to the issue of awarding costs to a successful defendant, FLSA must be read in pari materia with Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 . . . . It is quite possible that FLSA is silent on [awarding costs to defendants] precisely because Rule 54(d) and § 1920 are already in place and speak to this issue." (Bill of Costs 3.) The Clerk of Court rejected White's argument that taxing costs would chill future FLSA claims, concluding that "White chose to put herself at risk by her role as the named party." (Id. 4.) The Clerk also concluded that Baptist was the prevailing party in the action and that the costs associated with decertifying the collective action were necessary to resolve White's substantive rights. (Id.) The Clerk of Court rejected White's argument that taxing costs would impoverish her, concluding that her evidence was insufficient. (Id. 5-6.)

**II. Standard of Review**

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "creates a presumption in favor of awarding costs, but allows denial of costs" in the court's discretion. Knology, Inc. v.

3

Insight Commc'ns. Co., 460 F.3d 722, 726 (6th Cir. 2006) (quoting Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001)); accord McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005) (citing White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)); see also Cooley v. Lincoln Electric Co., 776 F. Supp. 2d 511, 574 (N.D. Ohio 2011) ("Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party . . . .") (citations omitted). "'The function of the court in the process of taxing costs is merely to review the determination of the clerk.'" BDT Prods., Inc. v. Lexmark Int'l., Inc., 405 F.3d 415, 417 (6th Cir. 2005) (quoting 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2679 (3d ed. 1998)).

"The costs that courts may tax under Rule 54(d)(1) are confined to the costs itemized in 28 U.S.C. § 1920." In re Cardizem CD Antitrust Litig., 481 F.3d 355, 359 (6th Cir. 2007) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987)); see also Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 297-98 (2006).

Section 1920 provides that a judge or any clerk of the United States may tax as costs the following: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees

4

for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees . . . ." 28 U.S.C. § 1920. Courts have discretion under Rule 54(d)(1) to "decline requests for costs, not discretion to award costs that § 1920 fails to enumerate." In re Cardizem CD Antitrust Litig., 481 F.3d at 359. The discretion granted by Rule 54 "is solely a power to decline to tax, as costs, the items enumerated in § 1920." Crawford Fitting, 482 U.S. at 441-42.

When faced with motions under Rule 54(d)(1), district courts review decisions by the clerk of court under a de novo standard. See BDT Prods., 405 F.3d at 419 ("[A]ny decision by the clerk would have been subject to de novo review by the district court."). However, "[b]efore the district court, 'it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." White & White, Inc., 786 F.2d at 732 (quoting Lichter Found., Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959)); see also Cooley, 776 F. Supp. 2d at 574 ("Defendants, who have objected to the payment of costs, bear the burden of proving circumstances sufficient to overcome the presumption in favor of an award of costs.") (citation omitted). Among the factors to be considered include "whether the action was reasonable and brought in good faith, whether the prevailing

5

party can bear its own costs without hardship, and whether awarding costs could have a chilling effect" on litigants bringing similar claims. Aubin Indus., Inc. v. Smith, Case No. l:04-cv-681, 2009 U.S. Dist. LEXIS 55104, at *6 n.1 (S.D. Ohio June 15, 2009) (citing White & White, Inc., 796 F.2d at 730-31).

**III. Analysis**

**A. The FLSA Allows Defendants to Recover Costs**

Under 29 U.S.C. § 216(b), "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." This provision is the exclusive procedural mechanism for certification of collective actions under the FLSA. Frye v. Baptist, No. 07-2708, 2012 U.S. Dist. LEXIS 40943, at *6 (W.D. Tenn. Mar. 26, 2012) (citing Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 679 (D. Kan. 2004)). Although the FLSA does not expressly permit defendants to recover costs, § 216(b) provides that, in addition to any judgment awarded to plaintiffs, plaintiffs may recover reasonable attorney's fees and costs of the action. The Sixth Circuit has not addressed whether § 216(b), or any other FLSA provision, permits defendants to recover costs.

White argues that neither the text nor the spirit of the FLSA contemplates awarding costs to defendants. She cites Fegley v. Higgins, 19 F.3d 1126, 1135 (6th Cir. 1994), in which

6

the Sixth Circuit refused to award a successful defendant's attorney's fees under the FLSA. White contends that if the FLSA does not provide for a defendant's attorney's fees it must also exclude costs. White also argues that awarding costs to defendants would undermine the "broad[] remedial and humanitarian" purposes that the FLSA is designed to serve. See Fegley, 19 F.3d at 1132.

"'An award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical.'" Frye, 2012 U.S. Dist. LEXIS 40943, at *7 (quoting Creten-Miller v. Westlake Hardware, Inc., No. 08-2351-KHV, 2009 U.S. Dist. LEXIS 60393, at *15 (D. Kan. July 15, 2009) (collecting cases)); see also Gomez v. Reinke, No. CV91-299-S-LMB, 2008 U.S. Dist. LEXIS 60547, at *6 (D. Idaho 2008) (awarding costs to defendants for prevailing on merits of an FLSA collective action claim). When confronted with defendants' requests for costs, district courts have analyzed those requests using the framework of Rule 54(d) and § 1920, rather than the FLSA itself. See, e.g., Johnson v. Big Lots Stores, Inc., 639 F. Supp. 2d 696, 707-08 (E.D. La. 2009) (evaluating the defendant's request for costs under Rule 54(d)(1) without reference to the FLSA). There is a "strong presumption" under Rule 54(d) that prevailing parties will be awarded costs. Id. (citing Cheatham v. Allstate Ins. Co., 465 F.3d 578, 586 (5th Cir. 2006)). Baptist is entitled to recover

7

costs, and that right flows from Rule 54(d) rather than the FLSA.

White's reliance on Fegley is misplaced. In Fegley, the Sixth Circuit concluded that defendants were not entitled to attorney's fees because § 216(b) "does not provide for plaintiffs to pay attorney fees to defendants; under the plain language of the statute, defendants' argument is meritless." 19 F.3d at 1135. Although the Sixth Circuit did not directly address the issue of costs, it noted that § 216(b) distinguished between an "attorney's fee" and "the costs of the action." Id. Rule 54 also distinguishes between attorney's fees and costs. Compare Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.") with Fed. R. Civ. P. 54(d)(2)(b) ("Unless a statute or a court order provides otherwise, the motion must . . . specify the judgment and the statute, rule or other grounds entitling the movant to the award.").

The Clerk of Court relied on Rule 54 in concluding that the FLSA "must be read in pari materia with Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920; and whereas [the] FLSA might not specifically provide for the recovery of a defendant's costs, Rule 54(d) and § 1920 do. It is quite possible that [the] FLSA is silent on this issue precisely because Rule 54(d) and § 1920

8

are already in place and speak to this issue." (Bill of Costs 3.)

A matter of presumption distinguishes Rule 54's provisions for attorney's fees and costs. The plain language of Rule 54(d)(1) entitles prevailing parties to costs unless prohibited by a statute, rule, or court order. See Watkins v. Bailey, No. 09-2149, 2011 U.S. Dist. LEXIS 73306, at *3 (W.D. Tenn. July 6, 2011) ("Rule 54(d)(1) creates a presumption in favor of awarding costs."). Rule 54's provision for attorney's fees requires parties to identify the authority permitting fees. See Fed. R. Civ. P. 54(d)(2)(B). Given that distinction, it is no surprise that courts addressing requests for attorney's fees and costs under the FLSA have concluded that defendants are entitled to costs, but not fees. See Fegley, 19 F.3d 1135 (concluding that defendants may not recover attorney's fees in defending FLSA actions); see also Reyes v. Texas EZPawn, No. V-03-128, 2007 U.S. Dist. LEXIS 93056, at *5-6 (S.D. Tex. 2007) (awarding costs to defendants); Big Lots, 639 F. Supp. 2d at 707-08 (analyzing whether to award costs to defendants based on Rule 54 without reference to FLSA provisions).

White's argument that awarding costs to Baptist would have a chilling effect on future FLSA claims is without merit. The FLSA is a "broadly remedial and humanitarian statute," Fegley, 19 F.3d 1132 (internal quotation marks omitted), but the subject

9

matter of an action is insufficient to overcome the presumption of awarding costs. See <u>Taylor v. AutoZone Inc.</u>, 2012 U.S. Dist. LEXIS 85285, at *4 (D. Ariz. June 20, 2012) ("Nor does the subject matter [of an action] alone justify rebuttal of the presumption.") (citation omitted). Indeed, taxing costs to White would not undermine the humanitarian goals of the FLSA. White chose to bring her FLSA claim as a collective action. She was not required to do so. She chose to put herself at risk as the named party, and she assumed the attendant risks, including the risk of paying costs. That the FLSA is remedial should not permit White to evade the responsibilities of advancing a failed claim. As this Court explained in <u>Frye</u>:

> Congress has recognized that representative actions are neither risk-free nor inexpensive; indeed, risk and cost are ubiquitous. [Plaintiff] may not use the FLSA as a sword to advance his claim while shielding himself from risk. To conclude otherwise would allow plaintiffs to advance risk-free FLSA claims, which neither the FLSA nor representative actions in general permit.

2012 U.S. Dist. LEXIS 40943, at *11; <u>see also</u> Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.").

The Court is not persuaded by authorities that suggest that even the threat of a plaintiff's reimbursing a defendant's costs would have a chilling effect on potential plaintiffs bringing

10

FLSA actions. See Ondes v. Monsanto Co., 2012 U.S. Dist. LEXIS 2596, at *7 (E.D. Mo. Jan. 10, 2012) (refusing to include a provision entitling defendants to costs in a motion to conditionally certify a class because the provision would have a chilling effect and the law on awarding costs is uncertain); see also Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 500 (D. Neb. 2009) ("[I]t is not clear whether prevailing defendants can be awarded defense costs from plaintiffs seeking recovery under the FLSA, and such a notice may discourage plaintiffs from joining the litigation."). A common thread running through these cases is the uncertain application of Rule 54 in FLSA cases. Rule 54, however, establishes a presumption in favor of costs that applies unless "a federal statute . . . provides otherwise." Rule 54's presumption is not uncertain or unclear. Nothing in the FLSA precludes the award of costs.

### B. Baptist is a Prevailing Party

Under Rule 54(d)(1), courts may award costs other than attorney's fees to the prevailing party, subject to the district court's discretion. See Hadix v. Johnson, 322 F.3d 895, 899 (6th Cir. 2003); see also Clarke v. Mindis Metals, No. 95-5517, 1996 U.S. App. LEXIS 27925, at *31 (6th Cir. Oct. 24, 1996). Whether Baptist is entitled to costs turns, in part, on whether it is a prevailing party. See Andretti v. Borla Performance Indus., 426 F.3d 824, 835 (6th Cir. 2005).

A party is said to prevail when it receives "at least some relief on the merits of [its] claim." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't. of Health and Human Res., 532 U.S. 598, 603 (2001) (defining "prevailing party" in the context of fee-shifting statutes); accord Andretti, 426 F.3d at 835. For a party to be "prevailing," there must be a "judicially sanctioned change in the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc., 532 U.S. at 605.

Baptist seeks costs incurred in achieving decertification and denying White's claims on summary judgment. White does not dispute that Baptist is entitled to costs on summary judgment. She could not. It is axiomatic that a party granted summary judgment is a "prevailing party" under Rule 54. See Swann v. Sec'y, 2012 U.S. App. LEXIS 1967, at *10 (11th Cir. Feb. 2, 2012); see also Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("[A] grant of summary judgment is a decision on the merits."). Given that foundation, the Court must decide whether Baptist's "prevailing party" status on summary judgment includes costs incurred in the decertification proceedings.

The Court addressed identical circumstances in Frye and concluded that Baptist was the prevailing party. See 2012 U.S. Dist. LEXIS 40943, at *16. The Court opined:

12

> In the Sixth Circuit, decisions on prevailing party status[] are limited to the case as a whole on the merits. Baptist succeeded in decertifying the collective action and prevailed on summary judgment. Given the collective nature of the suit, Baptist was required to defend against the claims of more than four hundred claimants. Baptist incurred costs not only in pursuing summary judgment, but also in being required to defend against a collective action at multiple stages. When a defendant prevails on the merits of the claims for which it seeks costs, the victory is not the decertification of a class, but a judgment on the merits. Baptist is entitled to the costs of decertification.

Id. (internal citations, quotation marks, and alterations omitted). Here, because Baptist prevailed on the merits, not only on decertification, it is entitled to the costs of defending against White's claims at multiple stages.

### C. The Amounts Requested Were Necessary and Included Under § 1920

White argues that Baptist cannot recover the costs of decertification because they were not necessary to resolve White's substantive rights. White argues that "to the extent that the Defendant is seeking to have the court tax costs related to those opt-in plaintiffs whose claims were part of the decertified collective action, but whose claims were not dismissed with prejudice, Defendant is not a prevailing party with regard to these opt-in plaintiffs, and these costs are not properly allowable under Fed. R. Civ. P. 54(d)." (Pl.'s Mem. 5-6.) The Clerk of Court addressed White's arguments in the December 22 Bill of Costs:

13

>   It is pretty clear that if all costs are charged against Plaintiff White, the opt-in Plaintiffs would have enjoyed a free ride at her personal expense. It is the opinion of the Clerk that unless the opt-in plaintiffs explicitly or implicitly agreed to share these expenses when they signed up as collective action members (and there is no evidence of this in the record and no proof was offered at the hearing), they were participating in the case risk-free, and every plaintiff who opted in basically increased the financial exposure of Plaintiff White. Why should Defendant, as the prevailing party in this action, absorb considerable costs just to relieve Plaintiff White of her potential risk in acting as the representative plaintiff? Moreover, it was Plaintiff White's option to bundle her personal claims with hundreds of others by creating a certified class in lieu of pursuing her claims individually. There is a risk in her doing so, and the risk materialized in this action.

(Bill of Costs 4.)

Costs taxed under Rule 54 include fees for printed or electronically recorded transcripts and fees for exemplification and the costs of making copies of any materials where the copies are "necessarily obtained for use in the case." 28 U.S.C. § 1920. "[N]ecessity is determined as of the time of taking, and the fact that a [document] is not actually used . . . is not controlling." <u>Whitesell Corp. v. Whirlpool Corp.</u>, 2010 U.S. Dist. LEXIS 45251, at *4 (W.D. Mich. May 10, 2010) (quoting <u>Sales v. Marshall</u>, 873 F.2d 115, 120 (6th Cir. 1989)).

White objects to $510.00 for subpoenaing certain opt-in plaintiffs for depositions, $20,169.40 in court reporting costs, $14,351.37 in printing charges incurred in scanning Baptist's

14

personnel files, and $1,006.05 in exemplification and copy charges. (Pl.'s Mem. 9.) She argues that the vast majority of these costs are attributable to other opt-in plaintiffs and should not be taxed to her. White contends that Baptist is "only entitled to recover as taxable costs those charges enumerated in 28 U.S.C. § 1920 which are necessary to the dispositive motion regarding Ms. White, such as the copies of the pleadings that were actually filed with the court, deposition transcripts cited in the dispositive motion, or subpoenas for witnesses whose testimony was cited in the dispositive motion." (Id.)

The Court rejected an identical argument in Frye. See 2012 U.S. Dist. LEXIS 40943, at *20-21. The Court opined:

> When Baptist deposed the opt-in plaintiffs, Baptist could have reasonably believed that each of its depositions would play an integral role in the resolution of the case. Discovery related to the certification of a collective action was necessary to resolve Frye's representative action because, when the depositions were taken, Baptist's ability to investigate and respond depended on what was said during depositions. The costs incurred in the litigation occurred as a result of [Baptist's] being required to defend against a collective action. Awarding costs necessarily incurred is appropriate.

Id. (internal quotation marks and citations omitted) (alterations in original). The Court adopts the reasoning in Frye.

15

White argues that, even if Baptist's costs were necessary, they would not fall within the terms "printing" or "exemplification" defined in § 1920. Specifically, White objects to awarding $2,069.40 in Image Optical Character Recognition ("OCR Capture") charges. (Pl's Mem. 10.) She does not challenge other costs on this ground. She also argues that none of the $420.65 in "indexing" charges qualifies as "printing."

Courts have recognized that § 1920 "permits the recovery of a wide range of copying costs, including 'copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration.'" Whitesell Corp., 2010 U.S. Dist. LEXIS 45251, at *13 (quoting Whirlpool Corp. v. LG Elecs., Inc., No. 1:04-CV-100, 2007 U.S. Dist. LEXIS 62591, at *5 (W.D. Mich. Aug. 26, 2007)).

OCR Capture is a form of electronic discovery. Although the Sixth Circuit has not concluded that OCR Capture falls under § 1920, it has stated that "electronic scanning and imaging could be interpreted as 'exemplification and copies of papers.'" BDT Prods., 405 F.3d at 420. The question is whether OCR Capture, which includes the electronic scanning of searchable documents, qualifies as an exemplification or printing.

16

This Court in Frye concluded that a defendant could recover the costs of OCR capture. See 2012 U.S. Dist. LEXIS 40943, at *23 ("Numerous courts, including this one, have concluded that the costs of electronic scanning and imaging of documents are authorized under Section 1920 as exemplification costs.") (internal quotation marks omitted). OCR Capture in this case was a necessary part of the discovery process. Baptist may recover the costs of OCR Capture.

White also argues that charges identified as "Image Coding/Indexing/coding of the exception logs DeSoto Baptist location" and "Index Field," which total $420.65, are not "printing" charges under § 1920. (Pl.'s Mem. 11.) Baptist's supporting affidavits do not explain what is meant by "Imaging Coding" or "Index Field." (ECF No. 269-4). Baptist's characterization of "Indexing . . . the exception logs" is most readily understood as costs incurred in organizing the exception logs. Costs incurred "to organize [] copies, such as costs for binders and index tabs are not recoverable." Scottsdale Ins. Co. v. Wave Techs. Communs., Inc., Case No. 8:07-cv-1329-T-30MAP, 2012 U.S. Dist. LEXIS 30342, at *11 (M.D. Fla. Mar. 7, 2012). Denying Baptist's request is consistent with courts in this circuit, which generally disfavor awarding "costs incurred to improve the format and design of electronic evidence." See, e.g., Stryker Corp. v. XL Ins. Am. Inc., 726 F. Supp. 2d 754,

17

772 (W.D. Mich. 2010). Baptist may not recover costs for "Image Coding/Indexing/coding of the exception logs DeSoto Baptist location" and "Index Field."

### D. Plaintiff Assumed the Risk of the Litigation

White argues that she would be impoverished by being required to pay costs. "Among the factors the district court may properly consider in denying costs to a prevailing party . . . [is] the losing party's inability to pay." Texler v. Cnty. of Summit Bd. of Mental Retardation and Developmental Disabilities, Nos. 92-3205, 92-3807, 92-3758, 1994 U.S. App. LEXIS 14421, at *25-26 (6th Cir. June 4, 1994).

Although the losing party's indigent status is a relevant factor, Singleton, 241 F.3d at 539, White has not submitted sufficient evidence to justify denying costs. "The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." Tuggles v. Leroy-Somer, Inc., 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004) (citation omitted). "To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that she is indigent." Id. (citation omitted). "A party is indigent if she is 'incapable of paying the court-imposed costs at this time or in the future.'" Id. (quoting McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994)). "The losing party, however, must show an inability to pay to overcome

the presumption that the prevailing party is entitled to recover costs. Such a showing can be made upon providing actual documentation of the inability to pay." Lewis v. United States, No. 02-2958 B, 2006 U.S. Dist. LEXIS 17987, at *2 (W.D. Tenn. Apr. 7, 2006) (quoting Richins v. Deere & Co., 229 F.R.D. 189, 192 (D.N.M. 2004)).

White has not provided sufficient details of her financial condition to demonstrate that she cannot pay the court-imposed costs at this time or in the future. See, e.g., Lewis, 2006 U.S. Dist. LEXIS 17987, at *1-2 (affirming taxation of costs against plaintiff where he claimed that he had "virtually no money" and had been unemployed for five years). White's supplemental affidavit states that, although she used to make $25,000 a year as a nurse, she was recently injured in a car accident. (See White Aff. 1-2, ECF No. 278-1.) She states that she is presently unable to work and must find new employment after she convalesces. (Id.) She claims assets worth $10,000. (Id.) White's affidavit shows only that she is presently unable to pay; it does not speak to her inability to pay in the future. Courts in this circuit have awarded costs against losing parties whose situations were more dire than White's. See also Lewis, 2006 U.S. Dist. LEXIS 17987, at *1-2; Tuggles, 328 F. Supp. 2d at 846 (declining to waive an award of costs based on plaintiff's financial condition where plaintiff presented an

19

affidavit from the Chapter 7 Trustee for her bankruptcy estate stating that her estate had no assets and from herself stating that her income only allowed payment of her monthly bills). Given the information before the Court, there is no reason that, as the Clerk of Court concluded, White could not enter into an "installment pay back agreement . . . to facilitate [] payment[]."). (Bill of Costs 5.)

### IV. Conclusion

For the foregoing reasons, White's Motion is DENIED. The Court ADOPTS in part and MODIFIES in part the Clerk of Court's award of costs. White is ORDERED to pay Baptist $35,616.17 in costs.

So ordered this 29th day of August, 2012.

> s/ Samuel H. Mays, Jr._____
> SAMUEL H. MAYS, JR.
> UNITED STATES DISTRICT JUDGE